**Docket No. 25-7927**

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

IN RE TESLA ADVANCED DRIVER ASSISTANCE SYSTEMS LITIGATION

---

On Appeal from the United States District Court for the
Northern District of California, No. 3:22-cv-05240-RFL (Lin, J.)

---

## PLAINTIFF-APPELLEE'S OPPOSITION TO THE MOTION OF THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

---

FRANK M. PITRE (SBN 100077)
fpitre@cpmlegal.com
JULIE L. FIEBER (SBN 202857)
jfieber@cpmlegal.com
THOMAS E. LOESER (SBN 202724)
tloeser@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577

FRANCIS A. BOTTINI, JR. (SBN 175783)
fbottini@bottinilaw.com
**BOTTINI & BOTTINI, INC.**
7817 Ivanhoe Avenue, Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
Fax: (858) 914-2002

DAVID S. CASEY, JR. (SBN 060768)
dcasey@cglaw.com
GAYLE M. BLATT (SBN 122048)
gmb@cglaw.com
P. CAMILLE GUERRA (SBN 326546)
camille@cglaw.com
**CASEY GERRY FRANCAVILLA BLATT LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Fax: (619) 544-9232

*Counsel for Plaintiff-Appellee and Class*

Dated: March 24, 2026

i

Plaintiff-appellee Thomas LoSavio and the certified class oppose the Chamber of Commerce of the United States of America's (the "Chamber") Motion for Leave to File Amicus Curiae a Brief, filed March 19, 2026 ("Motion"). The Motion should be denied because the Chamber's interests are already represented in this action by Defendants-appellants.

Where a proposed Amicus's interests are already represented, leave to file an Amicus brief should be denied. *Ryan v. Commodity Futures Trading Commission*, 125 F.3d 1062, 1063-64 (7th Cir. 1997) (denying motion where proposed amicus brief "in effect merely extend[s] the length of the litigants brief," and proposed amicus curious views are adequately represented by the party); Fed.R.App.P. Rule 29(a)(3).

Here, the arguments the Chamber proposes to raise regarding certification simply echo those already presented by Defendants-appellants. Defendants-appellants argue at length in their brief that common proof of exposure to an alleged misrepresentation is a necessary first step to certify a class. The Chamber presents the same argument in its amicus brief. The term "amicus curiae" means friend of the court, not friend of a party. *United States v. Michigan*, 940 F.2d 143, 164–65 (6th Cir.1991).

> "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to

1

intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. *See, e.g., Miller–Wohl Co. v. Commissioner of Labor & Industry*, 694 F.2d 203 (9th Cir.1982) (per curiam). Otherwise, leave to file an amicus curiae brief should be denied."

*Ryan*, 125 F.3d at 1063. Applying this test here, it is clear that leave to file the *amicus curiae* brief should be denied. First, the Chamber raises no concerns regarding Defendants' counsel. Nor does it identify any ongoing case affected by the decision here. Finally, it identifies no unique perspective that it might bring to this issue. None of the criteria for allowing an amicus brief are present.

In conclusion, Defendants-appellants have already briefed the issues raised by the Chamber's proposed amicus brief. Therefore, this Court should deny the Chamber's impermissible attempt to "extend the length of [Tesla's] brief." *Ryan*, 125 F.3d at 1063-64.

Date: March 24, 2026          Respectfully submitted,

By:   /s/ Julie L. Fieber
JULIE L. FIEBER
*Attorney for Plaintiff-Appellee and the Class*

2

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Fed. R. App. P.

27(d)(2)(A) and Cir. R. 27-1(1)(d) because:

1.      This brief contains 413 words, excluding the portions exempted by

Fed. R. App. P. 32(f).

2.      This brief has been prepared in proportionally spaced typeface using

Microsoft Word in 14-point Times New Roman font. As permitted by

Fed. R. App. P. 32(a)(7)(B), the undersigned has relied upon the word

count feature of this word processing system in preparing this

certificate.

Date: March 24, 2026                    Respectfully submitted,


By:   */s/ Julie L. Fieber*
       JULIE L. FIEBER

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of March 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ *Julie L. Fieber*
JULIE L. FIEBER

4